PEOPLE *ex rel.* WINCHELL *v.* MACLEAN *et al.*, Police Commissioners.

*(Supreme Court, General Term, First Department.* February 11, 1891.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

    Relator was discharged from the police force for absence from his post and drunkenness. There was testimony that when relator was found off his post his breath smelt of liquor, his gait was unsteady, and he did not answer coherently. Relator's explanation was that he became dizzy, and that his condition was caused by medicine given him by a druggist, who stated of what the compound consisted, and that it would not produce intoxication unless a man had a very weak stomach. The police surgeon testified that he did not think the ingredients mentioned would produce the condition in which he found relator. Relator did not explain his condition when found off his post, or after that, when he was in the police station, nor did he report himself sick. *Held,* that the action of the commissioners should be affirmed.

*Certiorari* on the relation of John H. Winchell to review the action of the police commissioners of the city of New York in dismissing relator from the police force.

    Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

    *Louis J. Grant,* for relator. *W. Hartwell,* for respondents.

    DANIELS, J. The relator was found guilty of the charge of being absent from his post, and so much under the influence of liquor as to be unfit to properly perform police duty during his tour of patrol duty, on the evening of the 9th of December, 1889, and by a vote of all the commissioners he was dismissed from the police force. The fact was proved, and not contradicted, that he was found by Sergt. Thomas off his post, and he also testified that he then appeared to be intoxicated; that his breath had the odor of liquor, his gait was unsteady, and he did not answer coherently. He was then taken by the sergeant and Roundsman Westervelt, who was met on the way, to the station-house, where he was also observed by other officers, including Surgeon John H. Nesbitt, who all confirmed the statement of Thomas and Westervelt that he was intoxicated. The relator testified that he became dizzy, and went into a drug-store for something to remedy that condition; that he received from the druggist a liquid, and drank it, without producing any change, when he returned and obtained another dose, which was the cause of the condition in which he had been found. The druggist was also a witness, and in his evidence so far confirmed that of the relator as to prove that he was in the store, and received and drank the preparations handed to him. He also stated of what the compound consisted, and added that a child could take it, and it had no more than 30 per cent. of alcohol, which would not produce intoxication unless a man had a very weak stomach. The police surgeon then added to his previous testimony that he did not think the ingredients mentioned by the druggist would produce the condition in which he found the relator. It was also proved that the relator neither made nor attempted to make any such explanation of his condition when he was found off his post, or after that, when he was in the station-house; and that omission, as well as the evidence of the surgeon and druggist, tended to discredit the evidence which the relator himself gave. So did his omission to report himself sick, or unfit for duty, or to consult the surgeon of his post, as he was directed to do whenever that might become necessary. The evidence, taken together, was decidedly against him. He had probably been beguiled into his condition by the unfortunate appetite which has proved a fatal snare to so many other well-intentioned persons who have found employment and position in the police force of this as well as other cities. The power of this court over the case now presented is no greater than it has over the verdict of a jury rendered on the trial of an action. Subsections 4, 5, § 2140, Code Civil Proc. Upon this evidence the

verdict of a jury would be conclusive. The court could not set it aside; and it can therefore afford this relator no assistance. The case is not materially variant from others brought before the courts, and which it has been uniformly necessary to affirm. *People* v. *French*, 7 N. Y. St. Rep. 253. The action of the commissioners should be affirmed, and the writ dismissed, with costs. All concur.